Christian H. Dribusch (507021)
THE DRIBUSCH LAW FIRM
1001 Glaz Street
East Greenbush, New York 12061
(T) 518.729.4331

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                      Chapter 11

TO-DO DEVELOPMENT LLC                          Case No.  14-12210

                *Debtor*

-----------------------------------------------------------------X

### OBJECTION TO MOTION TO TERMINATE
### AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

To-Do Development LLC, debtor-in-possession ("*Debtor*") through its attorney, Christian H. Dribusch, Esq., files this motion to the motion of Troy Local Development Corporation ("*TLDC*") and respectfully states as follows:

*TLDC is adequately protected*

1.    As of November 30, 2014, TLDC is owed $80,124.70 on Loan 1 and $27,262.67 on Loan 2 for an aggregate claim of $107,387.37.  See Exhibit A.   The value of the real estate pursuant to TLDC prepared Restricted Appraisal is $250,000.00.   See, TLDC **Exhibit "N"**.  Accordingly, even under TLDC's conservative numbers there is $142,612.63 of equity cushion and thus TLDC is adequately protected.

2.    Notwithstanding the $142,612.63 equity cushion, by letter dated October 3, 2014 (5 days prior to the bankruptcy filing) Debtor's counsel offered TLDC adequate protection payments of $365.00 per month.  See Exhibit B.  Rather than making a counterproposal TLDC rejected the offer.

3.  After filing the bankruptcy petition, TLDC contacted Debtor's counsel to accept the adequate protection proposal only to reject it over a week later after Debtor's counsel made inquiry as to the status of the cash collateral stipulation.

*Debtor will propose a confirmable plan*

4.  This case is a simple real estate case where the Debtor acknowledges that all the creditors are entitled to be paid 100% based upon the valuation of the real estate. Debtor's counsel has repeatedly solicited TLDC's counsel to negotiate terms such as interest rate, amortization, and balloon payment consistent with Debtor's cash flow, however, TLDC has been unwilling to engage in ANY negotiation.

5.  Consequently, the Debtor is filing a disclosure statement and proposed plan which provides TLDC with an allowed secured claim of $108,587.37 with principal and interest at 5% amortized over 30 years with a balloon payment in five years.

6.  The Debtor is also proposing to pay the remaining secured creditors (SCC Development's second mortgage of $62,338.69 and Troy Allstate Heating mechanic lien of $13,812.50) under substantially the same terms as TLDC.

7.  The Debtor proposes to repay its 8 general unsecured creditors with total claims of approximately $42,684.00 with quarterly installments of principal and interest at 2% amortized over 30 years with a balloon payment due in 5 years and 3 months.

8.  Based upon the Debtor's monthly cash flow of $2,000 triple net on a 10 year lease term with O'Brien's Public House together with an additional $1,000 per month by O'Brien's Public House to rent an additional room the Debtor will be able to generate sufficient funds to make the payments proposed under its reorganization plan.

9. Based upon the forgoing, the Debtor will be able to submit a confirmable plan of reorganization.

*This case is not a "two-party" dispute.*

10. The 2 secured creditors (other than TLDC) are owed approximately $76,000 while the 8 general unsecured creditors are owed approximately $43,000. Accordingly, the non-TLDC combined debt of $119,000 exceeds TLDC's debt of approximately $107,000. Consequently with multiple debts of meaningful amounts divided over 11 creditors this case is not a "two-party" dispute.

*The $25,000 loan received from TLDC was applied to installation of the sprinkler*

11. Contrary to TLDC's assertion, the Debtor applied a substantial portion of the $25,000 towards the installation of the sprinkler system, however, since the cost of installation was 38,731 the Debtor ended short on funds by $21,000.

*This case was filed in good faith*

12. But for TLDC's pre-petition rejection of an offer to pay TLDC in full in consideration of an assignment of its position, the Debtor would not have needed to file for bankruptcy protection. Ironically, TLDC asserting a 15% default rate accused the Debtor's proposed investor's rate of 16% to be predatory however the costs, expenses, and legal fees of this bankruptcy filing as it relates to the Debtor far exceeds the 1% spread or approximately $1,300 yearly difference between TLDC default rate and the investor rate.

13. Due to TLDC's unwillingness to work with the Debtor, TLDC is allowing its alleged secured claim to balloon by asserting interest at 15% (subject to 4 factor equitable consideration test) and adding substantial legal costs (subject to 506(b) analysis) in pursuit

of a rather modest claim which is vastly over secured for which an acceptable resolution should have been negotiated at a reasonable cost to the parties.

14. As indicated above in paragraphs "4" through "9", the Debtor will be filing a plan of reorganization which will provide for the repayment in full to all 11 of its creditors.

*The rents generated by the real estate are property of Debtor's estate*

15. TLDC acknowledges that the majority of New York state cases are of the view that an absolute assignment is not permitted, regardless of the language in the agreement. See, e.g., *Lt Propco, LLC v. Carousel Ctr. Co., L.P.*, 68 A.D.3d 1695, 1696 (N.Y. App. Div. 4th Dep't 2009).

16. The Debtor submits that the analysis of *In re: South Side House, LLC*, 474 B.R. 391 (2012) is applicable. The Court in *South Side* considered *Soho 25* which is relied upon by TLDC and nevertheless found that post-petition rental income generated by the property is property of the estate which constitutes lender's cash collateral. *Id at 422.*

17. Debtor acknowledges that TLDC has an interest in the rent which must be adequately protected prior to plan confirmation. As indicated in paragraph "1", the Debtor submits that TLDC is adequately protected by the equity cushion. Notwithstanding the equity cushion, as indicated in paragraph "2" the Debtor has offered TLDC adequate protection payments of $365.00 pre-confirmation.

Dated: December 2, 2014

By: */s/ Christian H. Dribusch*
      Christian H. Dribusch

Reviewed and approved:

*/s/ Terry M. O'Brien*
Terry M. O'Brien, Member
To-Do Development LLC

**Troy Local Development Corporation**
**Loan Pay Off Amount - To Do Development LLC**
**As Of November 30, 2014**

**Loan 1 - $75,000**
**Issue Date - 10/11/2013**

| Invoice Number | Invoice Date | Invoice Description | Amount Due | |
|---|---|---|---|---|
| 315 | 07/01/2014 | April - June 2014 Interest | $ 796.88 | |
| 318 | 07/15/2014 | July 2014 Late Payment Fee | $ 39.84 | |
| 361 | 10/01/2014 | July - September 2014 Interest ($814.53 = 8.85/day) | $ 194.78 | Int through 7/22 |
| | | Principal Balance Of Loan | $ 75,000.00 | |
| | | Default Interest (7/23/14-11/30/14) | $ 4,093.20 | |
| **Total Pay Off Amount - As Of 11/30/2014** | | | **$ 80,124.70** | |

**Loan 2 - $25,000**
**Issue Date - 02/26/2014**

| Invoice Number | Invoice Date | Invoice Description | Amount Due |
|---|---|---|---|
| 272 | 04/15/2014 | April 2014 Late Payment Fee | $ 317.07 |
| | | Principal Balance of Loan | $ 25,000.00 |
| | | Default Interest (5/23/14-11/30/14) | $ 1,945.60 |
| **Total Pay Off Amount - As Of 11/30/2014** | | | **$ 27,262.67** |

| | |
|---|---|
| Loan Balance | $ 107,387.37 |
| Appraisal Cost | $ 1,200.00 |
| Attorneys fees and costs (through November 15, 2014 – including costs associated with commencement of foreclosure action) | $ 27,892.08 |
| Stipulation of Discontinuance of foreclosure action and Discontinuance of Notice of Pendency ($35/each) | $ 70.00 |
| **Total Payoff** | **$ 136,549.45** |

<u>Exhibit A</u>

# The Dribusch Law Firm

1001 Glaz Street • East Greenbush • NY • 12061
Tel 518.729.4331 • Fax 518.463.4386
www.chdlaw.net



October 3, 2014

Via email:  fvero@harrisbeach.com

Francine R. Vero, Esq.
Harris Beach PLLC
358 Broadway, Suite 307
Saratoga, NY 12866

      Re:    *To-Do Development LLC*

Dear Ms. Vero:

      I have been retained by To-Do Development LLC to file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code'*).  The bankruptcy petition together with first day motions were signed earlier today.

      I understand that your client, Troy Local Development Corporation, has an assignment of rents from To-Do Development LLC which arguably could be construed as cash collateral pursuant to Bankruptcy Code § 363.  Naturally, to avoid any unnecessary motion practice, my client would like the consent of the Troy Local Development Corporation to its use of cash collateral.  Accordingly, To-Do Development Corporation proposes to make adequate protection payments of 4.25% on the approximate balance of $103,000.00 or $365.00 per month.   I would ask that you review this with your client and let me know its position at your earliest convenience.

      If I do not hear back regarding your client's position by 1:00 p.m. on Monday, October 6, 2014, I will assume that Troy Local Development Corporation does not wish to consent to the use of cash collateral and will proceed with a bankruptcy filing together with an application for authority to use cash collateral.

<u>Exhibit B</u>

Francine R. Vero, Esq.
Harris Beach PLLC
October 3, 2014

  As always, the Debtor is receptive to negotiating an out of bankruptcy repayment plan with Troy Local Development Corporation provided the parties can enter into a short term forbearance agreement while the parties are negotiating

  All rights are reserved.

            Very truly yours,

            */s/ Christian H. Dribusch*
            Christian H. Dribusch
            cdribusch@chdlaw.net

c.c. Terry M. O'Brien, member manager

Exhibit B